# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

    Plaintiff,

    v.                                            Case No. 10-C-560

INTERNATIONAL ASSOCIATION OF
BRIDGE STRUCTURAL ORNAMENTAL
AND REINFORCING IRON WORKERS ET AL.

    Defendant.

## DECISION AND ORDER

On July 7, 2010, plaintiff Ricky Jones filed a pro se civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985, the 14th Amendment to the United States Constitution, ERISA, and the Union Member Bill of Rights. The plaintiff alleges that the defendants discriminated against him on the basis of his race and retaliated against him "for his success on previous lawsuits." (Complaint at 2). The plaintiff also alleges that defendant Ironworkers Local 8 Welfare Fund violated ERISA when it "arbitrarily terminated my spouse and my health insurance benifits [sic], violated confidentiality based on a discriminatory and retalitory [sic] animus from privious [sic] lawsuits filed by me." Id.

On August 17, 2010, the plaintiff filed a Petition and Affidavit to Proceed without Prepayment of Fees and/or Costs on the proper form. The court will now address the plaintiff's request to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. However, access is not unlimited. Congress recognized that some nonpaying litigants would try to abuse the privilege. Therefore, "[in forma pauperis] status is generally reserved for those plaintiffs who are truly indigent and have no income or assets with which to pay the required filing fee." Brewer v. Wis. Bd. of Bar Examiners, 2007 U.S. Dist. LEXIS 12455, at *3 (E.D. Wis. February 22, 2007). In addition, Congress authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The plaintiff has submitted an affidavit of indigence indicating that he owns a property valued at $75,000.00, owns a car valued at approximately $10,000.00, and his spouse has a monthly income of $3500.00. The plaintiff has $300.00 in savings or checking accounts. The plaintiff indicated that his monthly expenses amount to $2,800.00. He also indicates that his home was damaged as a result of the recent flooding. In his previous filing the plaintiff indicated that he was separated from his wife.

Based on the information provided, the court concludes that the plaintiff does not meet the poverty requirements of 28 U.S.C. § 1915(a). See Brewer, 2007 U.S. Dist. LEXIS 12455, at *3-*4 (denying in forma pauperis status to an unemployed plaintiff who has about $50,000 of equity in a home valued at approximately $104,000); Blanchette v. Cross County Bank, 2006 U.S. Dist. LEXIS 28490, at *2 (E.D. Wis., April 13, 2006)(denying in forma pauperis

status to a plaintiff who has a monthly income of $2,000 and owns a home). "It is not unreasonable for a plaintiff in these circumstances, especially one who believes in the merits of [his case] and seeks damages, to pay the filing fee." Brewer, 2007 U.S. Dist. LEXIS 12455, at *4. For this reason, the plaintiff's request to proceed in forma pauperis will be denied. To proceed further, the plaintiff must pay the required filing fee within 30 days of the date of this order. Failure to pay the filing fee by that time will result in dismissal of this action.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff pay the full filing fee within 30 days of the date of this order or the case will be dismissed.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2010.

BY THE COURT:

  s/Patricia J. Gorence
Patricia J. Gorence
United States Magistrate Judge