# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

    Plaintiff,

    v.                                                    Case No. 10-C-560

INTERNATIONAL ASSOCIATION OF
BRIDGE STRUCTURAL ORNAMENTAL
AND REINFORCING IRON WORKERS ET AL.

    Defendant.

## DECISION AND ORDER

On July 7, 2010, plaintiff Ricky Jones filed a pro se civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985, the 14th Amendment to the United States Constitution, Employee Retirement Income Security Act (ERISA), and the Union Member Bill of Rights. The plaintiff alleges that the defendants discriminated against him on the basis of his race and retaliated against him "for his success on previous lawsuits." (Complaint at 2). The plaintiff also alleges that defendant Ironworkers Local 8 Welfare Fund violated ERISA when it "arbitrarily terminated my spouse and my health insurance benifits [sic], violated confidentiality based on a discriminatory and retalitory [sic] animus from privious [sic] lawsuits filed by me." Id.

Several motions are currently pending: (1) plaintiff's motion for temporary restraining order and preliminary injunction (Docket #9); (2) defendant International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers, AFL-CIO's motion to dismiss (Docket #18);

(3) defendant Iron Workers District Council of North Central States' motion to dismiss (Docket # 21); (4) defendants Iron Workers Local 8 and members of its Executive Board, Tom Cullen, Gilbert Toslek, William Fleming and Richard Hanson's motion to dismiss (Docket # 30); (5) defendant Iron Workers Local 8 Health and Welfare Fund Board of Trustees' motion to dismiss (Docket # 33); (6) defendants DWD Bureau of Apprenticeship and Karen Morgan's motion to dismiss (Docket # 47); (7) plaintiff's motion to amend/correct the complaint (Docket # 52); (8) plaintiff's motion to appoint counsel (Docket # 54); (9) plaintiff's motion to compel discovery (Docket # 57); (10) defendant J.P. Cullen Construction Company's motion to dismiss (Docket # 60); (11) plaintiff's motion for judgment (Docket # 63); and (12) defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees' motion to stay further proceedings (Docket # 65); (13) plaintiff's "Motion for preformance [sic] of International appeal decision of 11-3-0[8]" (Docket #71). The defendants' motions to dismiss will be addressed in a subsequent decision and order. All other motions will be addressed herein.

Defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees filed a motion to stay further proceedings in this case pending resolution of its motion to dismiss, as well as the motions to dismiss filed by various co-defendants. The defendant indicates that since the filing of the motions to dismiss, the plaintiff has filed a number of unrelated motions. and as to some of them, the plaintiff did not specify the party to which the motion is directed. The defendant further states that with respect to the plaintiff's responses to some motions, it is not possible to ascertain which defendant's motion the plaintiff is responding to. Specifically, the defendant indicates that the plaintiff filed a motion to compel discovery "simply noting his request for 'names, addresses, etc. that would allow service to be perfected.'" (Motion to Stay Further Proceedings by Iron Workers Local 8 Health and Welfare Fund Board

of Trustees [Motion to Stay] at 4 [quoting Docket # 57 at 1]). The defendant also indicates that the plaintiff filed an objection to ex parte communications without specifying which ex parte communications he alleged took place. (Motion to Stay at 4 [citing Docket # 62 at 1]) The defendant further points out that the plaintiff moved for "judgment on the documents" against unspecified defendants. (Motion to Stay at 4 [quoting Docket # 63 at 1]).

Defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees' motion to stay further proceedings in this case will be granted. No further proceedings or filings will be permitted without leave of the court pending resolution of the defendants' motions to dismiss.

On January 19, 2011, the plaintiff filed a "Motion to Amend Complaint" in which he requested leave to amend his complaint "if necessary." (Motion to Amend Complaint at 1). The plaintiff states that he is incarcerated and does not have a copy of the complaint. He further states that because the defendants have raised several concerns, he may need to amend his complaint. The plaintiff also requests a decision on his motion for a temporary restraining order and a hearing on the defendants' motions to dismiss.

Civil Local Rule 15(b) (E.D. Wis.) provides that: "A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." The plaintiff, in his motion to amend the complaint, neither stated specifically what changes he sought to his complaint, nor did he attach a copy of his amended complaint to his motion to amend. Accordingly, the plaintiff's motion to amend the complaint will be denied without prejudice..

With respect to the plaintiff's other requests, the court rarely allows oral argument on motions and sees no reason to do so in this case. The plaintiff's request for oral argument on the motions is denied.

The plaintiff has also moved for a temporary restraining order and preliminary injunction. "An equitable, interlocutory form of relief, 'a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc., 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 389 [7th Cir. 1984]). In determining whether to issue a preliminary injunction, "a district court engages in an analysis that proceeds in two distinct phases: a threshold phase and a balancing phase." Girl Scouts of Manitou Council, Inc., 549 F.3d at 1085-86.

To survive the threshold phase, a party seeking a preliminary injunction must demonstrate that 1) absent a preliminary injunction, he will suffer irreparable harm in the interim period prior to a final resolution of its claims; 2) traditional legal remedies, such as damages, would be inadequate; and 3) the claim has some likelihood of success on the merits. Id. at 1086; see also, Promatek Industries, Ltd. v. Equitrac Corp., 300 F.3d 808, 812 (7th Cir. 2002). If the moving party fails to demonstrate any one of these three threshold requirements, the court must deny the injunction. Girl Scouts of Manitou Council, Inc., 549 F.3d at 1086 (citing Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 [7th Cir. 1992]). If, however, the moving party can satisfy these conditions, the court then proceeds to the balancing phase of the analysis. Girl Scouts of Manitou Council, Inc., 549 F.3d at 1086.

In this balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." Id. "In so doing, the court employs a sliding scale approach: '[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more

-4-

need it weigh in his favor.'" Id. (quoting Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 387 [7th Cir. 1984]). The court's balancing process also considers any effects that granting or denying the preliminary injunction would have on the public interest. Girl Scouts of Manitou Council, Inc., 549 F.3d at 1086.

The plaintiff indicates that he seeks a temporary restraining order and preliminary injunction "to prevent the immediate and irrabable [sic] harm being suffered." (Motion for Tempory [sic] Restraining Order and Preliminary Injunction with Affidavit in Support [Motion for Preliminary Injunction] at 2). He also states that he seeks a temporary restraining order and preliminary injunction to "use union for job referral." (Motion for Preliminary Injunction at 4).

The plaintiff has not established a basis for injunctive relief in this case. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. The plaintiff neither filed a verified complaint nor an affidavit in support of his motion. Additionally, the harm alleged by the plaintiff is the loss of job opportunities and the loss of insurance and contractual benefits that would be paid through the job opportunities, all of which can be remedied at law. Moreover, he has not shown a reasonable likelihood of success on the merits. Thus, the plaintiff's motion for a temporary restraining order and preliminary injunction will be denied.

On January 19, 2011, the plaintiff filed a motion for appointment of counsel and indicates that "he is currently incarcerated without law library." (Motion for Appointment of Counsel at 1). Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is

authorized to request, but not to compel (see Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(d). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(d) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(d) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993), vacated on other grounds, 511 U.S. 825 (1994).

In this case, not only has the plaintiff not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own, the court previously found that he was not indigent and, therefore, he is not proceeding in forma pauperis in this case. Accordingly, the plaintiff's request for appointment of counsel will be denied without prejudice.

On January 24, 2011, the plaintiff filed a motion to compel discovery. The plaintiff asks the court to order the "Fund to release names, addresses of Trustees who acted on [his]

cases." (Motion to Compell [sic] Discovery at 1). The plaintiff does not specify which defendant or defendants the motion is directed to. Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party many move for an order compelling disclosure or discovery." Rule 37(a)(1) further provides that:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The Local Civil Rule 37 similarly provides that:

> [a]ll motions to compel disclosure or discovery . . . must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord.

The plaintiff's motion to compel discovery is not accompanied by a written certification that the plaintiff conferred or attempted to confer with the defendant or defendants he is seeking to compel. Accordingly, the plaintiff's motion to compel discovery will be denied.

On January 31, 2011, the plaintiff filed a document entitled, "Objection to Ex Parte Communications." It is unclear to what the plaintiff is objecting. There were no ex parte communications with any defendants. The plaintiff may be referring to defendant Iron Workers Local 8, Members of its Executive Board, Tom Cullen, Gilbert Toslek, William Fleming and Richard Hanson's reply brief filed on February 8, 2011. Such a filing is not an ex parte communication and is allowed under the local rules.

The plaintiff filed a "Motion for Judgment on the Documents Pursuant to Rule 9(C)(D) [sic] Fed. Rules [of] Civil Procedure." The plaintiff requests that the court enter monetary judgment against certain defendants as to count 3 paragraph 3 of the complaint. Rule 9 of the Federal Rules of Civil Procedure is entitled Pleading Special Matters. It has nothing to do with

the entry of judgment. Nothing submitted by the plaintiff warrants an entry of judgment at this point in the proceedings against any of the defendants. Accordingly, the plaintiff's motion for judgment will be denied.

Finally, the plaintiff filed a "Motion for preformance [sic] of International appeal decision of 11-3-0[8]." The plaintiff requests that "the court [require] the [defendant] International Ass. I.W. . . . abide by the appeal decision rendered 11-3-08." ("Motion for preformance [sic] of International appeal decision of 11-3-0[8]" at 1). The motion does not state the "statute or rule pursuant to which it is made" as required by Civil L.R. 7(a) (E.D. Wis. 2010) nor is clear from the plaintiff's filing as to what statute or rule serves as the basis for the motion. Accordingly, at this time, the plaintiff's motion will be denied without prejudice. If defendant International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers, AFL-CIO's pending motion to dismiss is denied, the plaintiff may re-file his motion stating the "statute or rule pursuant to which it is made" as required by Civil L.R. 7(a) (E.D. Wis. 2010).

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for a temporary restraining order and preliminary injunction be and hereby is **denied**. (Docket # 9).

**IT IS FURTHER ORDERED** the plaintiff's motion to amend the complaint will be and hereby is **denied** without prejudice. (Docket # 52).

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint counsel be and hereby is **denied**. (Docket # 54)

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery be and hereby is **denied** without prejudice. (Docket # 57).

**IT IS FURTHER ORDERED** that the plaintiff's motion for judgment be and hereby is **denied**. (Docket # 63).

**IT IS ALSO ORDERED** that the plaintiff's motion for performance be and hereby is **denied** without prejudice. (Docket # 71).

**FINALLY, IT IS ORDERED** that defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees motion to stay further proceedings be and hereby is **granted**. (Docket # 65). No further proceedings or filings will be permitted without leave of the court pending resolution of the defendants' motions to dismiss.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2011.

                                          BY THE COURT:

                                          s/Patricia J. Gorence
                                          Patricia J. Gorence
                                          United States Magistrate Judge