# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

    Plaintiff,

    v.

                                    Case No. 10-C-560

INTERNATIONAL ASSOCIATION OF
BRIDGE STRUCTURAL ORNAMENTAL
AND REINFORCING IRON WORKERS ET AL.

    Defendants.

## DECISION AND ORDER

On July 7, 2010, plaintiff Ricky Jones filed a pro se civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985, the 14th Amendment to the United States Constitution, the Employee Retirement Income Security Act (ERISA), and the Union Member Bill of Rights. The plaintiff alleges that the defendants discriminated against him on the basis of his race and retaliated against him "for his success on previous lawsuits." (Complaint at 2). The plaintiff also alleges that defendant Ironworkers Local 8 Welfare Fund violated ERISA when it "arbitrarily terminated my spouse and my health insurance benifits [sic], violated confidentiality based on a discriminatory and retalitory [sic] animus from privious [sic] lawsuits filed by me." Id.

On February 11, 2011, defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees filed a motion to stay further proceedings in this case pending resolution of its motion to dismiss, as well as the motions to dismiss filed by various co-defendants. On March

11, 2011, the plaintiff filed a "Motion for Reconsideration of Order Staying Order of 7-Mar-11." (Docket #77). The petitioner asserts that at the time the court entered the order he had not had an opportunity to respond the motion. The petitioner maintains that he should have had 30 days to filed his brief in response to the motion.

On April 11, 2010, the plaintiff filed a "Motion for Recusal of Magistrate." (Docket #78). In support of his motion for recusal, the plaintiff indicates that he does not know the current status of the case. The plaintiff asserts that the court is biased because it denied all of his motions and granted the defendant's motion without giving the him a chance to respond.

Civil Local Rule 7(b) provides:

> For all motions other than those for summary judgment or those brought under Civil L.R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion.

The defendant's motion to stay was neither a motion for summary judgment or a motion brought under Civil L.R. 7(h). Accordingly, contrary to the plaintiff's assertion, the plaintiff had 21 days to respond. The motion was filed on February 11, 2011. Therefore, the plaintiff's response was due March 4, 2011. The court entered the order staying the case on March 7, 2011. Nonetheless, as the plaintiff asserts that he intended to respond to the defendant's motion and thought he had 30 days to do so, the court will grant his motion for reconsideration. The plaintiff shall file his response to defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees' motion to stay further proceedings by July 11, 2011. Defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees' shall file a reply brief, if any, by July 30, 2011.

The plaintiff also contends that the court is prejudiced and biased against him because it granted the defendant's motion, but did not grant any of his motions. Section 144 of Title 28 of the United States Code provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

A motion to disqualify a judge pursuant to § 144 is allowed if a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against a party. Tezak v. United States, 256 F.3d 702, 716-717 (7th Cir. 2001). An affidavit is insufficient unless it includes definite and particular facts that would convince a reasonable person that the judge is prejudiced. United States v. Faul, 748 F.2d 1204, 1210 (7th Cir. 1984). As the plaintiff did not file an affidavit with his motion for recusal, recusal based on 28 U.S.C. § 144 is not warranted. See id.

Moreover, the plaintiff has not set forth specific facts showing that the court is prejudiced against him. Rather, he relies on the court's adverse rulings alone as evidence of prejudice. This is not sufficient under § 144. Accordingly, the plaintiff's motion for recusal will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration be and hereby is **granted**. (Docket #77). The plaintiff shall file his response to defendant Iron Worker Local 8 Health and Welfare Fund Board of Trustees' motion to stay further

proceedings by **July 11, 2011.** Defendant Iron Worker Local 8 Health and Welfare Fund

Board of Trustees' shall file a reply, if any, by **July 31, 2011.**

      **IT IS ALSO ORDERED** that the plaintiff's motion for recusal be and hereby is **denied**.

(Docket #78).

      Dated at Milwaukee, Wisconsin, this 21st day of June, 2011.

                                       BY THE COURT:

                                       s/Patricia J. Gorence
                                       Patricia J. Gorence
                                       United States Magistrate Judge