# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

    Plaintiff,

    v.                                                Case No. 10-C-560

INTERNATIONAL ASSOCIATION OF
BRIDGE STRUCTURAL ORNAMENTAL
AND REINFORCING IRON WORKERS ET AL.,

    Defendants.

## DECISION AND ORDER

On July 7, 2010, plaintiff Ricky Jones filed a pro se civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985, the 14th Amendment to the United States Constitution, the Employee Retirement Income Security Act (ERISA), and the Union Member Bill of Rights. The plaintiff alleges that the defendants discriminated against him on the basis of his race and retaliated against him "for his success on previous lawsuits." (Complaint at 2). The plaintiff also alleges that defendant Ironworkers Local 8 Welfare Fund violated ERISA when it "arbitrarily terminated my spouse and my health insurance benifits [sic], violated confidentiality based on a discriminatory and retalitory [sic] animus from privious [sic] lawsuits filed by me." Id.

On September 12, 2011, the plaintiff filed a motion for reconsideration of the court's denial of his April 11, 2011, "Motion for Recusal of Magistrate." (Docket #101). The plaintiff also filed a notice of appeal and a motion to proceed in forma pauperis on

appeal. (Docket ## 108, 113).[1]  Subsequent to the briefing on the plaintiff's motion to proceed in forma pauperis, the plaintiff filed a "Motion to Have Petition For Interlocutory Appeal Copied form [sic] Response."  (Docket #116).  The court will construe the plaintiff's motion as a motion for the court to certify an interlocutory appeal.  In deciding the motion, the court will consider the petition for an interlocutory appeal the plaintiff filed with the United States Court of Appeals for the Seventh Circuit.  See Local 8's Memorandum of Law in Opposition to Jones' Motion for Leave to Appeal In Forma Pauperis, Exh. 1.  Also pending is defendants International Association of Bridge Structural Ornamental and Reinforcement Iron Workers Midwestern District Counsel and International Association of Bridge Structural Ornamental and Reinforcing Iron Workers' motion to strike plaintiff's July 29, 2011, motion. (Docket # 94).  In its August 23, 2011, decision and order, the court denied the plaintiff's July 29, 2011, motion as filed in violation of the stay order of the case.  For that same reason, the defendants' motion to strike the plaintiff's motion will also be denied.

The plaintiff asks the court to reconsider its decision denying his motion for this court's recusal.  The plaintiff has two complaints.  First, the plaintiff asserts that the court allows the defendants' counsel to write letters instead of filing motions and that practice prohibits him from responding to the letters.  The plaintiff also asserts that he is "being denied equal court access" because defendants' counsel is violating the court's stay order.  (Plaintiff's "Renewal of Motion for Recusal to Chief Judge of the District" at 2).

---

[1] The two motions to proceed in forma pauperis on appeal are substantially similar.  Docket # 108 was originally filed in the United States Court of Appeals for the Seventh Circuit.  The court transferred the motion to this court for a ruling on the motion.  The plaintiff indicated in the first motion to proceed in forma pauperis that he had recently been re-incarcerated, but did not have a trust account statement.  The plaintiff attaches a copy of an accounting of his prison account to his second motion, Docket # 113.

The plaintiff maintains that these two inequalities evidence the court's prejudice and bias against him.

> Section 144 of Title 28 of the United States Code provides in part:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

A motion to disqualify a judge pursuant to § 144 is allowed if a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against a party. Tezak v. United States, 256 F.3d 702, 716 717 (7th Cir. 2001). An affidavit is insufficient unless it includes definite and particular facts that would convince a reasonable person that the judge is prejudiced. United States v. Faul, 748 F.2d 1204, 1210 (7th Cir. 1984). As the plaintiff still did not file an affidavit with his motion for reconsideration of his motion for recusal, recusal based on 28 U.S.C. § 144 is not warranted. See id.

Moreover, as the court previously noted, the plaintiff has not set forth specific facts showing that the court is prejudiced against him. Rather, he continues to rely on the court's adverse rulings alone as evidence of prejudice. This is not sufficient under § 144. Additionally, the docket does not support either of his two complaints. While the stay is pending, neither the plaintiff nor the defendants may file motions or letters. Once the stay is lifted the plaintiff may respond to any of the defendants' filings whether they are motions or letters. Before the stay is lifted, any motions filed by the plaintiff or the defendants will be denied as is evidenced by the court's denial of the defendants' motion to strike the plaintiff's July 29, 2011, motion. Accordingly, the plaintiff's motion for

reconsideration of the court's denial of his April 11, 2011, "Motion for Recusal of Magistrate" will be denied.

The order the plaintiff seeks to appeal is an interlocutory order. Section 1292 of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There are four statutory criteria for the grant of a § 1292(b) motion: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. See Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 675 (7th Cir. 2000).

In this case, the plaintiff does not assert that there is substantial ground for difference of opinion and the court is not aware of any conflicting case law. Moreover, an immediate appeal would not advance the ultimate disposition of the case. Therefore, the court will not certify the plaintiff's interlocutory appeal. Because no reasonable person could conclude that an immediate appeal is warranted in this case, the court will deny the plaintiff"s motion to proceed in forma pauperis on appeal.

Since the court denied the plaintiff's motion to proceed in forma pauperis on appeal, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, the plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration of the court's order denying his April 11, 2011, "Motion for Recusal of Magistrate" be and hereby is **denied**. (Docket #101).

**IT IS FURTHER ORDERED** that defendants International Association of Bridge Structural Ornamental and Reinforcement Iron Workers Midwestern District Counsel and International Association of Bridge Structural Ornamental and Reinforcing Iron Workers' motion to strike plaintiff's July 29, 2011, motion be and hereby is **denied**. (Docket #94).

**IT IS ALSO ORDERED** that the plaintiff's "Motion to Have Petition For Interlocutory Appeal Copied form [sic] Response" be and hereby is **denied**. (Docket #116)

**FINALLY, IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis on appeal be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of October, 2011.

BY THE COURT:

/s Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge