# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

RICKY JONES,

       Plaintiff,

      v.                                 Case No. 10-C-560

INTERNATIONAL ASSOCIATION OF
BRIDGE STRUCTURAL ORNAMENTAL
AND REINFORCING IRON WORKERS et al.,

      Defendants.

---

# DECISION AND ORDER

---

On July 7, 2010, plaintiff Ricky Jones filed a pro se civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985, the 14th Amendment to the United States Constitution, the Employee Retirement Income Security Act (ERISA), and the Union Member Bill of Rights. The plaintiff alleges that the defendants discriminated against him on the basis of his race and retaliated against him "for his success on previous lawsuits." (Complaint at 2). The plaintiff also alleges that defendant Ironworkers Local 8 Welfare Fund violated ERISA when it "arbitrarily terminated my spouse and my health insurance benifits [sic], violated confidentiality based on a discriminatory and retalitory [sic] animus from pivnious [sic] lawsuits filed by me." Id.

The defendants each filed motions to dismiss. The following motions are currently pending: (1) defendant International Association of Bridge, Structural, Ornamental & Reinforcing Ironworkers, AFL-CIO's (International Association) motion to dismiss (Docket

#18); (2) defendant Ironworkers District Council of North Central States' (District Council) motion to dismiss (Docket # 21); (3) defendants Ironworkers Local 8 and members of its Executive Board, Tom Cullen, Gilbert Toslek, William Fleming and Richard Hanson's motion to dismiss (Docket # 30); (4) defendant Ironworkers Local 8 Health and Welfare Fund Board of Trustees' motion to dismiss (Docket # 33); (5) defendants DWD Bureau of Apprenticeship and Karen Morgan's motion to dismiss (Docket # 47); and (6) defendant J.P. Cullen Construction Company's motion to dismiss (Docket # 60).

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

2

harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). However, a pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555, 557, 570) (internal citations omitted).

Determining whether a complaint states a plausible claim for relief will be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." <u>Iqbal</u>, 129 S. Ct. at 1950 (internal citations omitted).

In considering a motion to dismiss, courts should follow the principles set forth in <u>Twombly</u> by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Second, if there are well-pleaded factual

3

allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

When deciding a motion to dismiss, a court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Twombly, 550 U.S. at 555). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## Motion to Dismiss: Defendant International Association of Bridge, Structural,Ornamental and Reinforcing Ironworkers, AFL-CIO (International Association)

Defendant International Association asserts that Count I of the complaint (the only count that purports to state a claim against it) should be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction over the claim because the plaintiff failed to exhaust his administrative remedies prior to filing suit and because he did not bring his claim within the relevant statute of limitations. Additionally, defendant International Association asserts that Count I fails to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

In response, the plaintiff asserts that he need not present any theory of his case at this stage of the proceedings. The plaintiff cites Hart v. Transit Management of Racine, Inc., 426 F.3d 863 (7th Cir. 2005) in support of his assertion. The plaintiff also states that "[t]he crux of the action seeks to vendicate [sic] rights pursuant to 42 U.S.C. § 1981." (Plaintiff's Reponce [sic] to Dft's motion to dismiss at 1).

In Count I, the plaintiff alleges that defendant International Association:

4

discriminated against me in the enforcement of the CBA (collective bargaining agreement) when they denied me, an Afro-American, the same guarantees and provisions given to Caucasians in same or similar circumstances to wit:

    A. failed to enforce my right to free speech at Union meeting on 3-26.09

    B. failed to vendicate (sic) my right to proper notice

    C. failed to require that I receive an exact copy of the charges through proper service

    D. violated my right to present a defense prohibiting me from returning E. back to hearing when members assaulted me during entermination (sic). I was taken to hospital though trial went on without me.

    E. violated my rights by finding guilt without any evidence denying my without considering any of my argument.

(Complaint at 1).

Defendant International Association construes the plaintiff's claim as one brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §20002, et seq., or the Wisconsin Fair Employment Act (WFEA), Wis. Stats. 111.31 et seq.

As a general rule, a plaintiff may not bring a Title VII suit in federal court without first filing a timely complaint with the Equal Employment Opportunity Commission (EEOC). Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992). Contrary to the defendants assertion, however, the filing of a timely charge of discrimination with the EEOC is a statute of limitations, rather than a jurisdictional prerequisite. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). As a result, the timely filing requirement is subject to waiver, estoppel and equitable tolling. Id.; see also, Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990). Accordingly, the court does not lack jurisdiction and Count I of the plaintiff's complaint is not subject to dismissal based on Rule 12(b)(1).

Moreover, because a complaint need not anticipate and attempt to plead around affirmative defenses, dismissal under Rule 12(b)(6) on statute of limitations grounds is

5

"irregular." See United States v. Northern Trust Co., 372 F.3d 886, 888 (7th Cir. 2004). A motion to dismiss may raise the statute of limitations if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) (quoting United States v. Lewis, 411 F.3d 838, 842 [7th Cir. 2005]).

In this case, however, the relevant dates are not "set forth unambiguously in the complaint" and, therefore, it is not appropriate for the court to consider the statute of limitations. See Brooks, 578 F.3d at 579. Thus, defendant International Association's motion to dismiss the plaintiff's Title VII claim based on Rule 12(b)(1) will be denied.[1]

Similarly, defendant International Association's motion to dismiss the plaintiff's WFEA claim for failure to plead or attach evidence showing his actual compliance with the complaint filing and administrative hearing procedures under the act will be denied. Nevertheless, the plaintiff's WFEA claim will be dismissed because the plaintiff cannot maintain a private cause of action under the WFEA for the discrimination alleged in his complaint.

Prior to the enactment of 2009 Wisconsin Act 20, a plaintiff could not maintain a private cause action under WFEA. See Staat v. County of Sawyer, 220 F.3d 511, 516 (7th Cir. 2000). The amendments under the Act were effective on July 1, 2009, and first applied to acts of employment discrimination occurring on or after that date. See Wisconsin Act 20, § 9(2). Thus, the plaintiff can only maintain a private cause of action

---

[1] While the court is holding that a plaintiff does not have to allege either that he filed a timely charge of discrimination and received a right to sue letter, in this case, while the plaintiff does not indicate affirmatively that he did not file an EEOC charge, it does not appear that he did. If the plaintiff failed to file an EEOC charge, that will be dispositive of his Title VII claim.

6

under the WFEA if any alleged discrimination occurred on or after July 1, 2009. However, the complaint identifies the discrimination as occurring prior to July 1, 2009. Therefore, defendant International Association's motion to dismiss plaintiff's claim arising under the WFEA will be granted.

With regard to any claim for breach of the duty of fair representation, the plaintiff was required to file his complaint with the proper court within six months of the events giving rise to his claim. See 29 U.S.C. §160(b); DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 154 n.2, (1983). In this case, however, the plaintiff identifies March 26, 2009, as the date on which International Association allegedly violated his rights in relation to the duty of fair representaton. The plaintiff did not file this case until July 2010, more than one year after the events giving rise to his claim. Because the "'complaint plainly reveals that [the] action is untimely under the governing statute of limitations,'" defendant International Association's motion to dismiss the plaintiff's duty of fair representation claim will be granted. See Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008) (quoting United States v. Lewis, 411 F.3d 838, 842 [7th Cir. 2005]).

As previously indicated, in response to defendant International Association's motion to dismiss, the plaintiff stated that his claim was really one arising under 42 U.S.C. § 1981. Section 1981 does not require the filing of an EEOC charge, but is governed by the same standards of liability as Title VII. See Bullard v. Sercon Corp., 846 F.2d 463, 469 (7th Cir. 1988). Defendant International Association maintains that regardless of whether the plaintiff is attempting to bring his claim pursuant to Title VII or §1981, the complaint alleges what only amounts to legal conclusions and fails to identify a "real world

7

act or event" which under any set of circumstances purport to make it liable for the alleged discrimination.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Factual allegations are presumed true, "even if doubtful in fact." Id. However, legal conclusions are not entitled to this assumption of truth. Iqbal, 129 S. Ct. at 1950. While "labels and conclusions" and "a formulaic recitation of the elements" are insufficient, the complaint need only "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The court of appeals for this circuit explained in Swanson v. Citibank, N.A., that "in none of the three recent decisions -- *Twombly, Erickson*[2], or *Iqbal* -- did the Court cast any doubt on the validity of Rule 8 of the Federal Rules of Civil Procedure. 614 F.3d 400, 403 (7th Cir. 2010). Rule 8(a)(2) provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> . . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . ..

The court in Swanson stated that "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Swanson, 614 F.3d

---

[2] Erickson v. Pardus, 551 U.S. 89 (2007).

Case 2:10-cv-00560-PJG   Filed 03/28/12   Page 8 of 24   Document 125

at 404 (quoting <u>Erickson</u>, 551 U.S. at 93).  Thus, "[t]he plaintiff must give enough details about the subject matter of the case to present a story that holds together.  In other words, the court will ask itself *could* these things have happened, not did they happen." <u>Swanson</u>, 614 F.3d at 404.

The court further explained that "in many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden than it was before the Court's recent decisions.  A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else." <u>Id.</u>

The court held that the complaint stated a claim under the Fair Housing Act, explaining that the plaintiff's "complaint indentified the type of discrimination that she think occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan).  This is all she needs to put in the complaint." <u>Id.</u> at 405 (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511-512 (U.S. 2002).

Thus, in this case, the plaintiff sufficiently stated a claim under either Title VII or 42 U.S.C. §1981 when he alleged in Count I that defendant International Association discriminated against him in the enforcement of the CBA when he, an Afro-American, was denied the same guarantees and provisions given to Caucasians in same or similar circumstances.  See Complaint at 1.  Accordingly, defendant International Association's motion to dismiss will be granted in part and denied in part.

9

## Motion to Dismiss:   Defendant Ironworkers District Council of North Central States (District Council)

Defendant District Council asserts that Count II of the complaint (the only count that purports to state a claim against it) should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the plaintiff did not exhaust administrative remedies prior to filing suit and because he did not bring his claims within the relevant statute of limitations.  Additionally, defendant District Council asserts that Count II fails to state a claim for which relief can be granted.  Defendant District Counsel further asserts that even if the court construes Count II as a § 1981 claim, Twombly, 550 U.S. at 55 and Iqbal, 129 S. Ct. 1937 still require dismissal of the claim.  The plaintiff's 42 U.S.C. §1983 claim fails to state a claim according to defendant District Council because it is a private entity, not the State.  Finally, defendant District Council asserts that there is no cognizable 42 U.S.C. § 1985 claim because the plaintiff can not assert a Title VII or WFEA claim through § 1985.

In Count II, the plaintiff alleges the following:

A.   That the Midwestern states district counsel violated the International Constitution, C.B.A. and Federal Constitution when they went outside of the notice of charges appealed from, added evidence to trial record and interviewed all parties except me in appeal for Ironworker Local 8 expulsion, unlike the appeal process given to whites. That Midwestern states district counsel violated my rights when they vendicated [sic] Rights of white Ironworker in dispute with OFT, J.P. Cullen over unlawful termination and would not address by greivance [sic] over same incident and allowed J.P. Cullen to place deroggatory [sic] letter in my file when I complained to them directly. Fired all minorities at Columbia St. Marys hospital approx. 10-1-08.

B.   That Defendants district counsel and Ironworkers Local 8 conspired to discriminate against me when they failed to represent me in accordance with the C.B.A.; The international remanded the Executive Boards original decision to expel me on June 27th 2009.  I reported to the union hall and and [sic] won a card pull that dispatched me to T.N.T. Rebar.  I go to the jobsite to learn that

10

> union officials had contacted employer prior to my arrival and directed them not to hire me based on my race and religious beliefs. The District Counsel [sic] and union officials declined to review my greivance [sic].

The plaintiff raises substantially the same claims against defendant District Council as he did against defendant International Association. As with defendant International Association's motion to dismiss, defendant District Council's motion to dismiss the plaintiff's Title VII and WFEA claims pursuant to Rule 12(b)(1) for lack of jurisdiction will be denied. Nonetheless, as stated previously, the plaintiff cannot maintain a private cause of action under the WFEA for the discrimination alleged in his complaint and, therefore, the plaintiff's WFEA claim will be dismissed. Moreover, the plaintiff's claim for breach of the duty of fair representation is untimely under the governing statute of limitations. Therefore, that claim also will be dismissed.

Additionally, as explained previously, the plaintiff sufficiently stated a claim under either Title VII or 42 U.S.C. §1981 when he alleged in Count II that defendant District Council violated his rights when it discriminated against him when it would not address his grievance regarding his termination by J.P. Cullen even though it did so for a white Ironworker. See Complaint at 2.

In addition to the claims the court already addressed, the plaintiff alleges claims pursuant to the 42 U.S.C. §§ 1983 and 1985 against defendant District Council. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village

11

of North Fond du Lac, 384 F.3d 856, 861 [7th Cir. 2004]); see also, Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Defendant District Council is not a state actor and, therefore, the plaintiff's claim brought pursuant to § 1983 will be dismissed.

Finally, the plaintiff's § 1985(3) claim also must be dismissed. The plaintiff alleges that District Council and Ironworkers Local 8 conspired to discriminate against him on the basis of his race and religious beliefs in that they caused him not to be given a position at T.N.T. Rebar.  "In order to recover under § 1985(3), a plaintiff must establish 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action exists."   D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1485 (quoting Griffin v. Breckenridge, 403 U.S. 88. 102 [1971]).  However, the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985 (3)."  See Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979).  "If a violation of Title VII could be asserted through § 1985 (3), . . . the complainant could completely bypass the administrative process, which plays such a crucial role in the scheme established by Congress in Title VII."  Id. at 376.  Accordingly, the plaintiff's § 1985 claims against defendants District Council and Ironworkers Local 8 will be dismissed.

### Motion to Dismiss:   Defendant Ironworkers Local 8, Members of its Executive Board, Tom Cullen, Gilbert Toslek, William Fleming, and Richard Hanson (Ironworkers Local 8)

Defendant Ironworkers Local 8 and the individual members of its Executive Board (Ironworkers Local 8) filed a motion to dismiss, asserting that the plaintiff failed to allege that he exhausted required EEOC procedures prior to filing suit for race and religious discrimination, failed to allege what provisions of the labor agreement were violated by the Ironworkers Local 8 defendants and failed to include sufficient details in his complaint

12

to meet the pleading requirements set out by the federal rules of civil procedure. The Ironworkers Local 8 defendants also assert that the remaining claims against them are untimely or otherwise barred because they could have been raised in a state court complaint that was dismissed.

The court already has concluded that the plaintiff does not have to allege either that he filed an EEOC charge or received a right to sue letter. Thus, the Ironworkers Local 8 defendants' motion to dismiss the plaintiff's Title VII claim on that basis will be denied. Additionally, like the previous two defendants, defendant Ironworkers Local 8's motion to dismiss the plaintiff's claim for breach of the duty of fair representation will be granted. The plaintiff's claim for breach of the duty of fair representation is untimely under the governing statute of limitations. See DelCostello, 462 U.S. at 154, n.2.

Count III of the complaint the plaintiff alleges that Ironworkers Local 8 interfered with his rights under the Union Members' Bill of Rights, 29 U.S.C. § 411, by failing to give him notice of the hearing and charges against him. The Ironworkers Local 8 defendants assert that Counts III and IV are barred because they could have been brought in a previous complaint that the plaintiff filed against it in Milwaukee County Circuit Court.

The doctrine of res judicata, also referred to as claim preclusion, bars parties or their privies from relitigating a final judgment on the merits where the issues were, or could have been, raised in the first action. Hawxhurst v. Pettibone Corp., 40 F.3d 175, 180 (7th Cir.1994) (citing Federated Department Stores, Inc. v. Moitie, 453 U.S. 394, 398 [1981]). It "operates to prevent the litigation of any claim or ground of recovery that was available to a party in a prior action," whether or not the prior judgment actually determined that claim or ground. Allahar v. Zahora, 59 F.3d 693, 696 (7th Cir. 1995).

13

In order for claim preclusion to apply there must be: (1) a final judgment on the merits in the prior action; (2) identity of the cause of action in both the prior and subsequent suits; and (3) identity of the parties or their privies in these suits. Hawxhurst, 40 F.3d at 180. Identity of the causes of action in the two suits is determined by what is referred to as the "same transaction" test:

> [A] cause of action consists of a single core of operative facts giving rise to a remedy. . . . Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost. A plaintiff may not avoid an earlier judgment on the merits by merely concocting a new legal theory.

Highway J Citizens Group v. United States DOT, 456 F.3d 734, 743 (7th Cir. 2006) (quoting Doe v. Allied-Signal, Inc., 985 F.2d 908, 913 [7th Cir. 1993]). Therefore, if the same set of facts is essential to both claims, then there is identity between the two causes of action asserted and claim preclusion bars the latter from being litigated. Because claim preclusion is an affirmative defense, a defendant has the burden of showing that the issue was already litigated and resolved elsewhere. See United States v. Fidelity and Deposit Co., 986 F.2d 1110, 1116 (7th Cir. 1993).

The plaintiff filed a complaint in the Milwaukee County Circuit Court against Ironworkers Local 8 and its officers and Executive Board members. Defendant Local 8 submitted a copy of the complaint and a decision of the Milwaukee County Circuit Court in response to the plaintiff's motion for a temporary restraining order. The complaint alleged in Count III that the union deprived him of his notice and hearing rights in the process of fining and expelling him from the union. The Milwaukee County Circuit Court dismissed Count III of the plaintiff's complaint with prejudice.

14

In the Milwaukee County case, the plaintiff alleged that Ironworkers Local 8 and the individual union defendants unlawfully tried, fined and expelled him.  He also alleged that he received a different version of the charges than the ones used to try him.  Thus, whether the plaintiff received adequate notice of the charges against him and adequate notice of the hearing were among the central facts of his complaint filed in Milwaukee County.  Thus, the same set of facts is essential to both claims and there is identity between the two causes of action asserted.  Therefore, claim preclusion bars this claim from being litigated in this case.  Accordingly, defendant Ironworkers Local 8's motion to dismiss Count III of the complaint will be granted.

Count IV of the complaint alleges that defendants Cullen, Toslek, Fleming "in their individual and personnal [sic] capacities violated [the plaintiff's] rights when they filed bogas [sic] charges against [him] in retaliation for [his] success on previous lawsuits." (Complaint at 2).  Defendants Ironworkers Local 8 maintain that this count, like Count III of the complaint, is subject to dismissal on the basis of claim preclusion.

Count IV of the plaintiff's Milwaukee County complaint alleged that defendants Fleming, Cullen and Toslek, in their individual capacities "conspired to inflict injury on plaintiff by filing charges and assessing excessive punishment against him in 2008, 2006, 2009 in retaliation from previous [sic] lawsuits filed against the union contrary to standards applied to whites in same or similar circumstances."  (Affidavit of Yingtao Ho [Ho Aff.], Exh. 1 at 2).  The plaintiff's federal and state court complaints are based on identical central facts and involve the same parties.  Count IV of the plaintiff's Milwaukee County complaint was dismissed with prejudice and, therefore, claim preclusion bars Count IV of

15

the present complaint from being litigated. Accordingly, defendant Local 8's motion to dismiss Count IV of the complaint will be granted.

Count V of the plaintiff's complaint alleges that:

> Defendants Hansen, Morgan and Ironworker Local 8 conspired to violate C.B.A., when they entered into an agreement granting me journeyman status and then going behind my back to the employers representing differently. When Dft. Morgan made aware of situation she did nothing to stop it. unlike the treatment of whites."

(Complaint at 2).

The Ironworkers Local 8 defendants assert that the plaintiff failed to allege either the provisions of the labor agreement allegedly violated by them or that what the Ironworkers Local 8 defendants told prospective employers was false. These defendants maintain that a complaint should be dismissed when it fails to allege the provisions of the agreement allegedly violated, citing Gandhi v. Sitara Capital Mgmt., LLC, 689 F. Supp. 2d 1004 (N.D. Ill. 2010). The facts in Gandhi, a multi-defendant securities fraud case, are not only distinguishable, but the court finds that court's reasoning unpersuasive. A plaintiff is not required to identify a specific contract provision that was breached in order to plead breach of contract under the federal pleading standard. As the court has stated, it is not necessary for the plaintiff to plead specific facts and the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." See Twombly, 550 U.S. at 555 (citation omitted). Thus, Ironworkers Local 8 defendants' motion to dismiss Count V for failure to allege the provisions of the labor agreement allegedly violated by the Ironworkers Local 8 defendants will be denied.

The Ironworkers Local 8 defendants also assert that the plaintiff never alleged in Count V of his complaint that they denied to his prospective employers that he was

16

officially a journeyman. The Ironworkers Local 8 defendants ask the court to take judicial notice of the plaintiff's response to their motion to dismiss in the Milwaukee County case in which he admitted that he was granted journeyman status pursuant to a litigation settlement and alleged that Local 8 defendants told an employer in North Dakota that he was not a real journeyman. Rule 12(b) provides that if matters outside the pleadings are presented to and not excluded by the court in a Rule 12(b)(6) motion, the motion "shall be treated as one for summary judgment" and "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.: Fed. R. Civ. P. 12(b).

The court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994); see also, Opoka v. INS, 94 F.3d 392, 394 (7th Cir.1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1364 at 475-479 (2nd ed. 1990).

The court can take judicial notice of a recorded judgment, Henson, 29 F.3d at 284, or the decision of another court or agency, including the decision of an administrative law judge. Opoka, 94 F.3d at 394. However, the plaintiff's "admissions" in his brief filed in response to the defendant's motion to dismiss in state court are not proper matters for judicial notice. See Travel All Over the World v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 n.6 (7th Cir. 1996). Thus, the court declines to take judicial notice of the plaintiff's response to their motion to dismiss in the Milwaukee County case. Moreover, the court declines to treat the defendants' motion as one for summary judgment.

17

Section 1985(2) of Title 42 prohibits conspiracies to obstruct justice by intimidating or threatening any party, witness or juror in a proceeding in any court of the United States. The plaintiff alleges that several members of the Ironworkers Local 8 Executive Board "conspired to violate [the] CBA." (Complaint, Count V at 2). Even if the court construes this claim as stating that the board members conspired to obstruct justice, the plaintiff's claim must be dismissed. That is because "[i]ntra-entity discussions that result in discriminatory or retaliatory actions lie outside the scope of § 1985." Wright v. Illinois Dep't of Children & Family Servs., 40 F.3d 1492, 1508-1509 (7th Cir. 1994); see also, Dombrowski v. Dowling, 459 F. 2d 190, 196 (7th Cir. 1972) (When members of a single corporation act within the scope of their employment to make a single decision for the corporation, it is a decision of the corporation and, therefore, the conspiracy requirement of § 1985[2] is not satisfied.). Accordingly, the plaintiff's claim, if any, under § 1985(2) in Count V of his complaint will be dismissed.

### Motion to Dismiss: Ironworkers Local 8 Health and Welfare Board of Trustees (Board of Trustees)

Defendant Board of Trustees filed a motion to dismiss Count VI of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). Count VI alleges that:

> I.W. Local 8 Welfare Fund violated rights gaurenteed (sic) under ERISA when they arbitrarily terminated my spouses and my health insurance benefits (sic), violated confidentiality based on a discriminatory and retalitory (sic) animus from privious (sic) lawsuits filed by me.

Defendant Board of Trustees asserts that different courts have already dismissed three cases filed by the plaintiff. Defendant Board of Trustees does nothing more than set out the basic facts and disposition of these cases. Based on the brief facts presented, defendant Board of Trustees was not a party to two of the cases – one in state court and

18

one in federal court. Defendant Board of Trustees was the defendant in the second state court case. However, the defendant Board of Trustees fails to provide any grounds or argument for dismissal of this case against it based on the earlier state court case. It is not the court's responsibility to infer or develop arguments not articulated by counsel. Since the defendant Board of Trustees merely asserts that the plaintiff's claim against it should be dismissed because he filed previously lawsuits, its motion to dismiss is denied.

Defendant Board of Trustees also asserts that the complaint fails to state a claim against it, citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Defendant Board of Trustees fails to develop an argument properly to support its contention that the complaint does not state a claim against it. Therefore, its motion to dismiss the plaintiff's claim on this basis will be denied.

Defendant Board of Trustees contends that the plaintiff failed to serve the Board of Trustees with the summons or complaint in this case. Defendant Board of Trustees also contends that the plaintiff fails to specify who on the board he is suing, since the composition of the board changes periodically. Defendant Board of Trustees, however, provides no evidentiary support for its assertion that it was not served. Accordingly, its motion to dismiss based on a failure to serve will be denied.

Finally, defendant Board of Trustees asserts that the plaintiff's claim is governed exclusively by ERISA and must be dismissed. Defendant Board of Trustees maintains that it is not apparent under which section of ERISA the plaintiff's allegations fall. To the

19

extent the plaintiff alleges a claim under § 502(a)(3)[3], 29 U.S.C. § 1132(a)(3), defendant Board of Trustees states that it must be dismissed because a plaintiff cannot seek money damages under § 502(a)(3), which is all that the plaintiff seeks, and because such a claim cannot be brought against the Trustees individually.  To the extent the plaintiff alleges a claim under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), defendant Board of Trustees asserts that the complaint fails to plead such a claim.

The plaintiff's complaint only seeks money damages.  The plaintiff cannot bring a claim for money damages under § 1132(a)(3).  Section 1132(a)(3) only provides for equitable remedies and an award of money damages is a form of legal relief, not equitable relief.  See Mondry v. Am. Fam. Mut. Ins. Co., 557 F.3d 781, 804 (7th Cir. 2009).  Rather, a plaintiff seeking an award of money for benefits owed under an ERISA plan must do so under § 1132(a)(1)(B).  See id. at 804.  The plaintiff cannot, however, bring a claim under § 1132(a)(1)(B) against defendant Board of Trustees.  "'ERISA permits suits to recover benefits only against the Plan as an entity."  Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996).  Accordingly, defendant Board of Trustees' motion to dismiss the plaintiff's ERISA claims will be granted.

### Motion to Dismiss:   Defendant J.P. Cullen & Sons, Inc. (J.P. Cullen)

Defendant J.P. Cullen contends that Count VII of the complaint (the only count that purports to state a claim against it) should be dismissed because the plaintiff failed to allege exhaustion of administrative remedies.  Like other defendants, defendant J.P. Cullen construes the plaintiff's complaint as alleging violations of Title VII and the WFEA.

---

[3] Apparently, defendant Board of Trustees cited to ERISA § 502(a)(1)(B) when it meant to cite to ERISA §502(a)(3) and vice versa.

20

In response to defendant J.P. Cullen's motion to dismiss, the plaintiff frames his claim as one under 42 U.S.C. § 1981.

Count VII of the plaintiff's complaint states "that Dft. J.P. Cullen violated my rights when they terminated me on about 5-01-08 5 day [sic] on the basis of race from Columbia Staint [sic] Mary's hospital." (Complaint, Count VII at 2). Like other defendants' motions to dismiss for lack of subject matter jurisdiction, defendant J.P. Cullen's motion is based on the plaintiff's failure to allege that he filed an EEOC complaint and received a right to sue letter. The court already has determined that dismissal on this ground is not appropriate and, therefore, defendant J.P. Cullen's motion to dismiss for lack of subject matter jurisdiction will be denied. With respect to the plaintiff's claim, if any, brought pursuant to the WFEA, the plaintiff can only maintain a private cause of action under the WFEA if any alleged discrimination occurred on or after July 1, 2009. In this case, however, the complaint identifies the discrimination as occurring on May 1, 2008. Therefore, the plaintiff's claim, if any, arising under the WFEA will be dismissed.

With respect to the plaintiff's assertion that his claim is brought pursuant to 42 U.S.C. § 1981, defendant J.P. Cullen maintains that the plaintiff failed to state a claim upon which relief can be granted. Specifically, defendant J.P. Cullen contends that the plaintiff alleges nothing other than a conclusory allegation that he was terminated "on the basis of race."

Contrary to defendant J.P. Cullen's assertions, even after Twombly, a "complaint need only be sufficiently detailed to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555. The plaintiff's allegation that "Dft. J.P. Cullen violated my rights when they terminated me on about 5-01-08 5 day [sic] on

21

the basis of race from Columbia Staint [sic] Mary's hospital", <u>see</u> Complaint, Count VII at 2, gives defendant J.P. Cullen fair notice the plaintiff's claim against it. Thus, the plaintiff sufficiently stated a claim under either Title VII or 42 U.S.C. § 1981 in Count VII of the complaint. Accordingly, defendant J.P. Cullen's motion to dismiss will be denied.

### <u>Motion to Dismiss: Defendants DWD Bureau of Apprenticeship<br>and Karen Morgan</u>

Defendants DWD Bureau of Apprenticeship Standards and Karen Morgan filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). The defendants assert that the complaint was not properly or timely served on the defendants. Alternatively, the defendants assert that the complaint is barred by the applicable statute of limitations.

The defendants contend that the plaintiff sent a Waiver of Service of Summons form that was not signed by the plaintiff or filled out with his name, address, telephone number or email address as required by Rule 4(d) of the Federal Rules of Civil Procedure. The defendants also maintain that the waiver failed to specify the date the Request for Waiver was sent and, therefore, the complaint was not acknowledged and service was not perfected. Moreover, the defendants state that the complaint was not personally served on them. The plaintiff asserts that these defendants were properly served and are now estopped from objecting.

Federal Rule of Civil Procedure 4(d) allows service by first-class mail of the summons and complaint along with a request for waiver of personal service. Defendants are not required to accept service by mail, but are required to bear the costs of personal service if they decline the request for waiver without good cause. <u>See</u> Fed R. Civ. P. 4(d)(2). In this case, the plaintiff did not properly complete the waiver of service form and,

Case 2:10-cv-00560-PJG   Filed 03/28/12   Page 22 of 24   Document 125

therefore, defendants DWD Bureau of Apprenticeship Standards and Ms. Morgan did not return it to him.  Moreover, defendants DWD Bureau of Apprenticeship Standards and Ms. Morgan were not personally served with the summons and complaint.  Accordingly, the court lacks personal jurisdiction over these defendants and, therefore, their motion to dismiss pursuant to Fed. R. Civ. P. 12(b) will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant International Association of Bridge, Structural, Ornamental & Reinforcing Ironworkers, AFL-CIO's motion to dismiss be and hereby is **granted in part** and **denied in part** as stated herein. (Docket #18).

**IT IS FURTHER ORDERED** that defendant Ironworkers District Council of North Central States' motion to dismiss be and hereby is **granted in part** and **denied in part** as stated herein. (Docket # 21)

**IT IS FURTHER ORDERED** that defendant Ironworkers Local 8 Health and Welfare Fund Board of Trustees' motion to dismiss be and hereby is **granted in part** and **denied in part** as stated herein. (Docket # 33).

**IT IS ALSO ORDERED** that defendants Ironworkers Local 8 and members of its Executive Board, Tom Cullen, Gilbert Toslek, William Fleming and Richard Hanson's motion to dismiss be and hereby is **granted in part** and **denied in part** as stated herein. (Docket # 30).

**IT IS FURTHER ORDERED** that defendants DWD Bureau of Apprenticeship and Karen Morgan's motion to dismiss be and hereby is **granted**. (Docket # 47).

**IT IS ALSO ORDERED** that defendant J.P. Cullen Construction Company's motion to dismiss be and hereby is **denied**. (Docket # 60).

23

**IT IS ALSO ORDERED** that the plaintiff's WFEA, duty of fair representation, 42 U.S.C. § 1983 and 42 U.S.C. § 1985 claims be and hereby are dismissed.

**IT IS FURTHER ORDERED** that Counts III and IV of the complaint be and hereby are dismissed.

**IT IS ALSO ORDERED** that defendants DWD Bureau of Apprenticeship and Karen Morgan be and hereby are dismissed.

**FINALLY, IT IS ORDERED** that the stay previously entered in this case be and hereby is lifted.

Dated at Milwaukee, Wisconsin this <u>28th</u> day of March, 2012.

BY THE COURT:

<u>s/Patricia J. Gorence</u>
PATRICIA J. GORENCE
United States Magistrate Judge
